UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:07-cr-441-CEH-EAJ

FRANK M. PERSICANO
_____/

**ORDER**

This matter comes before the Court on Defendant Frank Persicano's Motion to Suspend Restitution Payments (Doc. 36). In the motion, Defendant requests an order suspending his restitution payments for a period of one year until he can get back on his feet to get into housing and support his family. The Government filed a response in opposition (Doc. 38), stating it would consider deferral but currently has no facts upon which it could determine Defendant's eligibility for a temporary deferral due to financial hardship. In that regard, the Government indicated it had requested Defendant provide financial disclosures, including completing a financial disclosure statement, to which Defendant has failed to respond. At the Court's request, the Government filed a supplement to its response, stating that to date Defendant has not provided his financial disclosures. Doc. 41. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, Defendant's Motion to Suspend Restitution Payments.

## DISCUSSION

On June 13, 2008, the Court entered Judgment against Defendant Frank Persicano and sentenced him to forty-one months of imprisonment for mail fraud, theft of more than $1000 from the Department of Veteran's Affairs ("V.A."), and false and fraudulent statement to the V.A. Doc. 31. Defendant was ordered to pay $72,225 in restitution. *Id.* at 5. According to the Government, Defendant still owes $59,683.22 in restitution, and a portion of his federal benefits continue to be used to offset the debt. Doc. 41. The Government states that Defendant has not been making voluntary restitution payments, however, his debt is included in the Treasury Offset Program, and the most recent offset payment received was $128.36 on November 3, 2023. *Id.* at 1. The Government further states that it has requested Defendant to provide a financial disclosure statement, but Defendant has not responded. *Id.*

Defendant, proceeding *pro se*, has filed a motion seeking to suspend his restitution payments for a period of one year. Doc. 36. In support, Defendant states that the pandemic caused significant health problems and he has been hospitalized for multiple surgeries. His health conditions have left him unable to find housing and a way to support his family. He requests the restitution payments be suspended until such time as he can "get back on his feet," find housing, and be able to support his family.

Section 3663 of Title 18 of the United States Code provides that a court, when ordering restitution, shall consider not only the loss sustained by each victim, but also "the financial resources of the defendant, the financial needs and earning ability of the

2

defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II); *see also* 18 U.S.C. § 3664(f)(2)(A-C) (stating that, in setting a restitution payment schedule, a court shall consider the defendant's "financial resources," "projected earnings and other income," and "any financial obligations . . . including obligations to dependents"). After setting a restitution payment schedule pursuant to §§ 3663 and 3664, a defendant may notify the court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). Section 3664(k) vests the district court with discretion to modify a restitution order "as the interests of justice require." A payment schedule will only be altered, however, if there is a "bona fide change in the defendant's financial condition" that affects his ability to pay restitution. *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).

As a result of his mail fraud offenses and theft of government funds belonging to the V.A., Defendant obtained proceeds in the amount of $72,225. Doc. 30. After the Court considered the Defendant's "financial resources," "projected earnings and other income," and "any financial obligations," this was the amount of restitution ordered by the Court. Doc. 31. Although Defendant's motion states that due to his health he is unable to support his family, the motion fails to demonstrate a material change in his economic circumstances since the imposition of his sentence in order to support a change in his restitution. The Government has requested a financial affidavit from Defendant, but he has failed to respond, and thus there is no evidence before the Court showing a bona fide change in Defendant's financial condition.

3

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Suspend Restitution Payments (Doc. 36) is **DENIED, without prejudice**. If Defendant chooses to refile this motion, he must provide evidence to support a change in his financial condition.

**DONE AND ORDERED** in Tampa, Florida on December 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties

4